**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

MAIBEL MARTINEZ, *individually*,

**CASE NO:**

*Plaintiff*,

vs.

PAVILION U.S.A., LLC, *a Florida Limited liability company*,

*Defendant.*
_______________________________________/

**COMPLAINT**

**MAIBEL MARTINEZ** ("Plaintiff") sues Defendant, **PAVILION U.S.A., LLC** ("Defendant"), and alleges:

**NATURE OF THE ACTION**

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* (the "FMLA").

**PARTIES**

2. At all times material hereto, Plaintiff is and was a resident of Miami-Dade County, over the age of 18 years, and *sui juris*.

3. At all times material hereto, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

4. At all times material hereto, Defendant is and was a Florida limited liability company authorized to do and doing business in Miami-Dade County, Florida, and having an address of 16200 NW 49th Ave., Miami Gardens, Florida, which is located in this District.

5. At all times material hereto, Defendant was Plaintiff's employer as that term is defined by the FMLA, 29 U.S.C. § 2611(4).

6. Defendant had more than 50 employees and during the 12 months prior to the facts giving rise hereto, Plaintiff worked more than 1250 hours for Defendant in this case.

7. Plaintiff and Defendant are both covered by the FMLA.

**JURISDICTION AND VENUE**

8. This action is brought pursuant to the FMLA, 29 U.S.C. § 2601, *et. seq.*

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District, and Plaintiff was employed by Defendants in this District.

**FACTS**

11. Defendant is a furniture store. Plaintiff worked for Defendant beginning on June 4, 2021.

12. Plaintiff presented Defendant with a letter from the Surgery Coordination Manager at the medical facility wherein Plaintiff was scheduled to have an upcoming surgery, advising that Plaintiff was scheduled for surgery on July 11, 2022, and that she would return to work upon her doctor's approval. *See Letter from Yamile Rosado, attached hereto as Exhibit "A."*

13. In response to this request, Defendant immediately advised Plaintiff that her request for FMLA leave was approved, so that she could have her surgery.

14. Then approximately one week prior to her surgery, Defendant advised that Plaintiff's FMLA approval was revoked, but that she would instead be given "personal leave" to have the surgery.

15. On July 7, 2022, three days before her surgery, Defendant sent an email to the Plaintiff reading: "[Y]our personal leave of absence from July 11th was approved until August 12th. Return to work date is August 15th. Below is an excerpt directly from the PAVILION employee handbook with more details."[1] *See Email from Defendant's HR Department, attached as Exhibit "B."*

16. The excerpt from the employee handbook referenced in the email states that personal leave may be granted for medical reasons *if the employee is not eligible for FMLA leave*. *Exhibit "B."* In other words, after agreeing to FMLA leave, Defendant reversed course, and days before Plaintiff's surgery, advised that she was not eligible for FMLA leave (even though she was).

17. On August 11, 2022, Plaintiff received and then submitted to Defendant a letter from her treating physician indicating that she will be able to return to work on August 15, 2022, without any restrictions, and to call him with any questions. *See Letter from Fabian Figueredo, M.D., attached hereto as Exhibit "C."*

18. Plaintiff also went to the Defendant's office to deliver the letter personally, advising that she was medically cleared to return to work. The HR department would not speak to Plaintiff, but the store manager spoke to HR, and conveyed the message that Plaintiff should not call or contact them, but that they would call her.

[1] The original Spanish language email reads: "Como Jennifer explico, su permiso para ausentarse por razones personales desde el 11 de julio fue aprobada hasta el 12 de agosto. Fecha de regreso al trabajo es 15 de agosto. A continuación se muestra un fragmento directamente del manual del empleado de PAVILION con más detalles."

19. On Friday, August 12, 2022, Defendant called Plaintiff and asked her to come in for a meeting on Monday, August 15, 2022. Plaintiff attended the meeting with the store manager and someone from HR; at that meeting, Plaintiff was told that her prior position with the company had been eliminated and there was no other position to offer her. In other words, she was terminated.

20. On information and belief, Plaintiff's position was not eliminated. The jobs done by Plaintiff were not eliminated and Defendant has hired and is hiring others to fill the same, similar, or other positions in the company. In other words, Defendant not only violated the FMLA by misclassifying Plaintiff's leave as something other than FMLA leave, but then violated their own policy as well by firing Plaintiff when her job (and others) was in existence and available.

**COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**

21. Plaintiff re-avers and incorporates the allegations of Paragraphs 1-20 above, as though fully set forth herein.

22. At the time of her request for leave to have her surgery, Plaintiff was eligible for FMLA leave at any time that a situation for which such leave is intended was required, including for her surgery in this case.

23. Plaintiff gave ample notice to the Defendant that she was going to have the surgery, which is an FMLA covered event, the dates of her leave, and documentation from the facility where the surgery was to take place.

24. Plaintiff clearly provided sufficient information for Defendant to determine that Plaintiff's requested leave was covered by the FMLA.

25. Defendant at first granted Plaintiff's request for FMLA leave, and then immediately before her surgery revoked its agreement to provide the required leave, and instead labeled her absence a personal leave as provided for by Defendant's policies.

26. When Plaintiff was medically cleared to return to work, Defendant refused to allow her to return to her position, and instead terminated her, in violation of the FMLA, which required that Defendant hold Plaintiff's position

27. As a result, Plaintiff has been damaged.

WHEREFORE, Plaintiff, Maibel Martinez, respectfully requests judgment in her favor, and against Defendant, Pavilion U.S.A., LLC, for violation of Plaintiff's FMLA rights, including but not limited to: (a) an award of actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity; (b) an award of compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress that Plaintiff has and continues to suffer; (c) an award to Plaintiff of liquidated damages; (d) Reinstatement; (e) an award of prejudgment interest on her damages award; (f) an award of Plaintiff's reasonable attorney's fees and litigation costs ; and (h) all such other relief as is deemed just and equitable under the circumstances presented herein.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable by a jury.

DATED this **13th** day of **October,** 2022.

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
5550 Glades Rd., Ste. 500
Boca Raton, FL 33431
PH: (954) 745-0588

By: *_/s/ Nolan Klein________________*
NOLAN KLEIN, ESQUIRE
Florida Bar No. 647977
klein@nklegal.com
amy@nklegal.com
melanie@nklegal.com